UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

DEUTSCHE BANK NATIONAL TRUST COMPANY, *as Trustee for First Franklin Mortgage Loan Trust 2006 - FF1, Mortgage Pass - Through Certificates, Series 2006 - FF11*,

                Plaintiff,

v.

ANGELA NUNES, JOHN DOE, and MARY DOE,

                Defendants.

**MEMORANDUM & ORDER**
23-CV-02637 (HG) (MMH)

---

**HECTOR GONZALEZ**, United States District Judge:

    Defendant Angela Nunes filed a notice of removal that attempts to remove to this Court two different cases pending in state court, one pending in the Supreme Court of the State of New York, Queens County, and another pending in the Civil Court of the City of New York, Queens County. ECF No. 1. The first case is a mortgage foreclosure action filed by Plaintiff Deutsche Bank National Trust Co. in November 2018. *See Deutsche Bank Nat'l Tr. Co. v. Nunes*, No. 718142/2018 (N.Y. Sup. Ct. Queens Cty.) (NYSCEF No. 1).[1] The second case is an eviction action filed by Plaintiff against Defendant, in November 2022, based on the successful foreclosure in the first case. *See Deutsche Bank Nat'l Tr. Co. v. Nunes*, No. LT-318315-22/QU (N.Y. Civ. Ct. Queens Cty.) (NYSCEF No. 1). In the second lawsuit, Plaintiff served Defendant by delivering the eviction petition to a person of suitable age and discretion at Defendant's residence on February 1, 2023, and by mailing a copy to Defendant's residence the next day. *Id.*

---

[1] The Court may take judicial notice of dockets from other courts' proceedings because they are public records. *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006).

(NYSCEF No. 8). New York law provides that service became effective on February 13, 2023, ten days after Plaintiff filed proof of that service. *See id.*; CPLR 308(2). Plaintiff has not filed any amended pleading in the second lawsuit.

A notice of removal must be filed within 30 days "after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). Alternatively, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). However, a case cannot be removed based on diversity jurisdiction more than one year after it was filed. 28 U.S.C. § 1446(c)(1). The Court may raise *sua sponte* procedural defects related to the timing of a defendant's removal, so long as the Court does so within 30 days of the defendant's removal of the case, as required by 28 U.S.C. § 1447(c). *Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131–32 (2d Cir. 2006).

Multiple courts in the Second Circuit have raised questions about the propriety of a defendant attempting to remove two separate state court cases in a single notice of removal. *See ACS v. Malek*, No. 20-cv-7623, 2020 WL 6748476, at *1 n.1 (S.D.N.Y. Oct. 7, 2020); *Barrio v. A.C. & S., Inc.*, No. 14-cv-3717, 2016 WL 5805585, at *2 (S.D.N.Y. Sept. 6, 2016). However, the Court need not address this issue because Defendant's removal of each case is untimely. Defendant filed her notice of removal purporting to remove these two cases on April 3, 2023, well over one year after the first case was filed and more than 30 days after being served with Plaintiff's petition in the second case. *See* ECF No. 1. Although Defendant's notice of removal

2

contains many spurious allegations of federal questions that supposedly provide the Court with jurisdiction, Defendant has not identified any pleading or other document that she received from Plaintiff within the 30 days before filing her notice of removal that revealed those purported jurisdictional bases for the first time. *See id.*

## CONCLUSION

For the reasons set forth above, the Court remands this case *sua sponte* because Defendant failed to remove the two separate lawsuits encompassed by her notice of removal within the time periods required by 28 U.S.C. § 1446. The Clerk of Court is respectfully directed to close this case and to mail a copy of this order to each of: (a) the *pro se* Defendant; (b) the Supreme Court of the State of New York, Queens County (Index No. 718142/2018); and (c) the Civil Court of the City of New York, Queens County (Index No. LT-318315-22/QU). The Court's staff will include with the mailing to the *pro se* Defendant copies of the unpublished decisions cited in this order, in accordance with the Second Circuit's decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009).

In light of the Court's decision to remand the case, the Court denies as moot Defendant's application to proceed *in forma pauperis*. *See* ECF No. 4. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and, therefore, denies Defendant *in forma pauperis* status for purposes of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

                                           */s/ Hector Gonzalez*
                                           HECTOR GONZALEZ
                                           United States District Judge

Dated: Brooklyn, New York
        May 3, 2023